FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 2 2 2011 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

LORRI I. ZAHLER,

                                Plaintiff,

                      v.

PETER T. ROACH AND ASSOCIATES, P.C. and
CITIBANK, N.A.,

                                Defendants.

Civil Case No.:

CV11 - 5733

VERIFIED COMPLAINT

WEXLER, J.

## Preliminary Statement

1. This action is brought by Lorri I. Zahler against Peter T. Roach and Associates, P.C. and

   Citibank, N.A. for violations of the Fair Debt Collection Practices Act, violations of New York

   General Business Law § 349 (Deceptive Acts and Practices), Breach of Contract, Tortious

   Interference with Contract, Fraud, and Unjust Enrichment.

2. As set forth more fully below, Defendants engaged in two interrelated sets of unfair, deceptive,

   and illegal acts in connection with the collection of an alleged consumer debt:

   A. First, Defendants persuaded Lorri I. Zahler to enter into a settlement agreement by using

       various unfair, deceptive, and illegal means. Under this agreement, Lorri I. Zahler agreed,

       *inter alia*, to waive all defenses to the alleged debt, make payments by authorizing

       electronic withdrawals from her checking account, and sign a Confession of Judgment to be

       entered if she defaulted.

   B. Second, after successfully withdrawing the first month's payment from Lorri I. Zahler's

       checking account, Defendants proceeded to make repeated attempts to withdraw more

       money from her account, leaving her with no other choice but to close the account before

       Defendants caused her to incur repeated NSF fees, and effectively forcing her to default on

the second month's payment, thereby securing an opportunity to enter the Confession of

Judgment, while bypassing the courts, and depriving Lorri I. Zahler of the opportunity to

present a defense, and depriving her of the benefits of the settlement agreement.

## Parties

3.  Plaintiff Lorri I. Zahler is a resident of Queens County, New York.

4.  Defendant Peter T. Roach and Associates, P.C. is a New York professional corporation with its
    principal place of business located in Nassau County, New York at125 Michael Drive, Suite
    105, Syosset, New York 11791.

5.  Peter T. Roach and Associates, P.C. is a "debt collector" within the meaning of 15 U.S.C. §
    1692a(6) because they use instrumentalities of interstate commerce (such as the telephone
    system) and the mails in a business the principal purpose of which is the collection of debts, and
    they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted
    to be owed or due another.

6.  Defendant Citibank, N.A. is a wholly-owned subsidiary of Citigroup, Inc., a Delaware
    corporation with its principal place of business located at 399 Park Ave., New York, New York
    10043. Upon information and belief, Citibank, N.A.'s preferred local address for service of
    process is 1 Court Square, 12th Floor, Long Island City, NY 11120.

## Jurisdiction and Venue

7.  This Court has subject matter jurisdiction over the claims arising under 15 U.S.C. §§ 1692 *et
    seq.* pursuant to 15 U.S.C. § 1692k(d), and over the other claims pursuant to 28 U.S.C. §
    1367(a).

8.  This Court has personal jurisdiction over Peter T. Roach and Associates, P.C. pursuant to New
    York jurisdictional rules, as incorporated by Fed. Rule Civ. Pro. 4(k)(1)(A), because Peter T.
    Roach and Associates, P.C. has engaged in acts that together constitute a continuous and

systematic course of doing business in New York, and this District, within the meaning of N.Y.

C.P.L.R. § 301 – specifically, Peter T. Roach and Associates, P.C. has its principal place of

business within the District from which it operates as a law firm that files hundreds, if not

thousands, of lawsuits per year with the New York courts within this District, and also engages

in the collection of debts from thousands of individuals who reside within this District.

9. This Court has personal jurisdiction over Citibank, N.A. pursuant to New York jurisdictional

rules, as incorporated by Fed. Rule Civ. Pro. 4(k)(1)(A), because Citibank, N.A. has engaged in

acts that together constitute a continuous and systematic course of doing business in New York,

and this District, within the meaning of N.Y. C.P.L.R. § 301 – specifically, Citibank, N.A. is

large national bank that has hundreds of branch offices within this District where it transacts a

plethora of banking-related business, such as deposit taking, checking, lending, issuing credit

and debit cards, advertising, and debt collection, with thousands of individuals who reside

within this District.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## Facts

11. Throughout the events related hereinafter, Peter T. Roach and Associates, P.C., acted as a debt

collector and attorney for Citibank, N.A.

12. Throughout the events related hereinafter, Peter T. Roach and Associates, P.C. was attempting to

collect a consumer debt allegedly owed by Lorri I. Zahler to Citibank, N.A. (account

ending ...7661).

13. The alleged debt in question was incurred for primarily for personal, family, or household

purposes and therefore is a "consumer debt" within the meaning of 15 U.S.C. § 1692a(6).

14. The alleged debt in question was in default at the time Peter T. Roach and Associates, P.C. was

authorized by Citibank, N.A. to attempt to collect it.

15. In or around late September 2011, a representative of Peter T. Roach and Associates, P.C. who gave his name as "Angelo" contacted Lorri I. Zahler by telephone.

16. Upon information and belief, this representative, "Angelo," was not an attorney.

17. Upon information and belief, no attorney employed by or affiliated with Peter T. Roach and Associates, P.C. performed, drafted, ordered, directed, or oversaw this or any other communication with Lorri I. Zahler.

18. During this telephone conversation, the representative of Peter T. Roach and Associates, P.C., "Angelo," threatened Lorri I. Zahler that they would sue her if she did not agree to the settlement he proposed.

19. Upon information and belief, neither Citibank, N.A. nor Peter T. Roach and Associates, P.C. had an actual present intent to file suit at that time.

20. During the same telephone conversation, Lorri I. Zahler agreed to Peter T. Roach and Associates, P.C.'s demands.

21. During the same conversation, Lorri I. Zahler agreed to give and did give Peter T. Roach and Associates, P.C. information regarding her checking account at Chase Bank so that they could collect the settlement payments via electronic withdrawal.

22. Shortly thereafter, Peter T. Roach and Associates, P.C., mailed a document entitled "Stipulation of Settlement" to Lorri I. Zahler.

23. This document began with a caption in the standard form for the courts of the state of New York that purported to caption a case "Citibank, N.A. v. Lorri I. Zahler" before the Civil Court of the City of New York, County of Queens. The index number was left blank.

24. Upon information and belief, no such case had been filed with the Civil Court of the City of New York, County of Queens at that time, or ever.

25. This document reinforced the false and misleading implication that a lawsuit against Lorri I. Zahler had been filed or was "right around the corner" when, upon information and belief, it

was not.

26. This document gave the false and misleading implication that it was drafted by, or at the direction of, an attorney, when, upon information and belief, it was not.

27. Shortly thereafter, Lorri I. Zahler signed and returned the Stipulation of Settlement to Peter T. Roach and Associates, P.C.

28. Per the terms of the settlement agreement, Lorri I. Zahler would make three payments to Peter T. Roach and Associates, P.C. – one payment of $630.99 due on 9/28/2011, one payment of $1000 due on 10/28/2011, and one payment of $1000 due on 11/28/2011.

29. Also per the terms of the settlement agreement, Lorri I. Zahler was required to waive all defenses to the collection of the alleged debt and to sign a Confession of Judgment in favor of Citibank, N.A.

30. Lorri I. Zahler did not understand that she was waiving her defenses or confessing judgment; her understanding from the conversation with the representative of Peter T. Roach and Associates, P.C., "Angelo," was to the contrary.

31. Shortly prior to 9/28/2011, Lorri I. Zahler mistakenly deposited the funds for the first payment into the wrong checking account at Chase Bank.

32. Lorri I. Zahler discovered her error on 9/29/2011 when the scheduled electronic withdrawal failed, and immediately moved the funds to the correct account and contacted Peter T. Roach and Associates, P.C. to make further arrangements with them.

33. On 10/3/2011, Peter T. Roach and Associates, P.C. successfully executed an electronic withdrawal from Lorri I. Zahler's checking account at Chase Bank for $630.99, thereby satisfying the first payment under the agreement.

34. The very next day, on 10/4/2011, Peter T. Roach and Associates, P.C. attempted a third electronic withdrawal from Lorri I. Zahler's checking account at Chase Bank for $630.99.

35. This attempted electronic withdrawal (of 10/4/2011) was not authorized by Lorri I. Zahler.

36. This attempted electronic withdrawal (of 10/4/2011) was not honored because the account did not have sufficient funds, and resulted in Chase Bank charging a $34 NSF fee to Lorri I. Zahler.

37. On 10/11/2011, Peter T. Roach and Associates, P.C. attempted a fourth electronic withdrawal from Lorri I. Zahler's checking account at Chase Bank for $630.99.

38. This attempted electronic withdrawal (of 10/11/2011) was not authorized by Lorri I. Zahler.

39. This attempted electronic withdrawal (of 10/11/2011) was not honored because the account did not have sufficient funds, and resulted in Chase Bank charging a $34 NSF fee to Lorri I. Zahler.

40. The actions of Peter T. Roach and Associates, P.C. presented Lorri I. Zahler with a Morton's Fork: If she did nothing, she could incur an arbitrarily large amount of NSF fees due to Peter T. Roach and Associates, P.C.'s repeated attempts to make unauthorized withdrawals from her account; but if she took steps to block the unauthorized withdrawals, then she would miss the payment due on 10/28/2011 under the settlement agreement and thereby default.

41. Lorri I. Zahler opted to close her account at Chase Bank and took steps to do so on 10/12/2011.

42. At the time Lorri I. Zahler spoke with them about closing her checking account, Chase Bank refunded the second NSF fee, but was unable to close the account immediately.

43. On or around 10/13/2011, Chase Bank closed the account.

44. On 10/17/2011, Peter T. Roach and Associates, P.C. attempted a fifth electronic withdrawal from Lorri I. Zahler's checking account at Chase Bank for $630.99.

45. This attempted electronic withdrawal (of 10/17/2011) was not authorized by Lorri I. Zahler.

46. This attempted electronic withdrawal (of 10/17/2011) was not honored because the account was closed.

47. The payment due on 10/28/2011 under the settlement agreement was not made because the account was closed.

48. Upon information and belief, Peter T. Roach and Associates, P.C. engaged in the above-described pattern of unauthorized withdrawals from Lorri I. Zahler's checking account with the

intent to force her to default on the settlement agreement, and thereby obtain a judgment against her for the full amount of the alleged debt, while bypassing the courts, and depriving her of the opportunity to present a defense, and depriving her of the benefits of a the settlement agreement.

49. Upon information and belief, Peter T. Roach and Associates, P.C. proposed the settlement agreement to Lorri I. Zahler in bad faith with the premeditated intent to engage in the above-described pattern of unauthorized withdrawals from her checking account.

50. Upon information and belief, the above-described pattern of unauthorized withdrawals from Lorri I. Zahler's checking account was not an isolated incident, but rather part of a broader pattern, or "business as usual" for Peter T. Roach and Associates, P.C.

51. Upon information and belief, Citibank, N.A. was aware of Peter T. Roach and Associates, P.C.'s illegal collection practices, including the practice of making unauthorized withdrawals from consumer-debtors' checking accounts.

52. Upon information and belief,

   A. Citibank, N.A. expressly authorized these practices; or

   B. In the alternative, Citibank, N.A. condoned and implicitly authorized these practices.

53. The attorney-client relationship between Peter T. Roach and Associates, P.C. and Citibank, N.A., combined with the fact that Citibank, N.A. provided Peter T. Roach and Associates, P.C. with the account number, alleged balance, and other account details, led Lorri I. Zahler to reasonably believe that Citibank, N.A. had authorized Peter T. Roach and Associates, P.C. to behave as described above.

54. Citibank, N.A. stands to gain from Peter T. Roach and Associates, P.C.'s above-described actions because those actions procured for Citibank, N.A. a Confession of Judgment.

55. As a result of Defendants' above-described actions, Lorri I. Zahler was forced to pay Chase Bank one $34 NSF fee. (Chase Bank forgave another and refused to charge a third.)

56. As a result of Defendants' above-described actions, Lorri I. Zahler has suffered serious emotional and psychological harm, including anxiety and depression, which have manifested physically as, *inter alia*, insomnia, headaches, social withdrawal, digestive problems, panic attacks, and crying spells.

57. If Citibank, N.A. has entered or will enter the Confession of Judgment, Lorri I. Zahler will be forced to pay not only the full amount of the alleged debt (thereby losing the benefit of the settlement agreement) but also interest and potentially collection fees or Marshall's poundage, or both.

58. If Citibank, N.A. has entered or will enter the Confession of Judgment, the judgment will appear in public records and on her credit report, thereby causing reputational harm, including, but not limited to, negatively affecting her ability to obtain credit, rent an apartment, or find a job.

59. Such reputational harm would be irreparable given the longevity of public records and judgment notations in credit reports.

60. The nature of such reputational harm is such that a monetary remedy at law could not fully and adequately compensate Lorri I. Zahler therefor.

## **First Cause of Action**
### **(FDCPA Violation – Threat of Action Not Intended to Be Taken)**

61. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 60 with the same force and effect as if they were set for fully herein.

62. The statements of the representative of Peter T. Roach and Associates, P.C., "Angelo," described in paragraph 18 above and the implications of the document with the ersatz case caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above both constituted threats to take an action (to file a lawsuit against Lorri I. Zahler) that was not presently intended to be taken in violation of 15 U.S.C. § 1962e(5), (10), and the general

provisions of 15 U.S.C. § 1962e and 1962f.

63. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Second Cause of Action
### (FDCPA Violation – Use of a Written Communication Which Simulates a Document Authorized, Issued, or Approved by a Court)

64. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through

63 with the same force and effect as if they were set for fully herein.

65. The document with the ersatz case caption and title ("Stipulation of Settlement") described in

paragraphs 22 through 27 above simulated a document authorized, issued, or approved by the

Civil Court of the City of New York, County of Queens in violation of 15 U.S.C. § 1962e(9),

(10), and the general provisions of 15 U.S.C. § 1962e and 1962f.

66. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Third Cause of Action
### (FDCPA Violation – False Implication that Documents Are Legal Process)

67. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through

66 with the same force and effect as if they were set for fully herein.

68. The document with the ersatz case caption and title ("Stipulation of Settlement") described in

paragraphs 22 through 27 above gave the false impression that it was legal process in violation

of 15 U.S.C. § 1962e(13), (10), and the general provisions of 15 U.S.C. § 1962e and 1962f.

69. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Fourth Cause of Action
### (FDCPA Violation – False Implication that a Communication is from an Attorney)

70. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through

69 with the same force and effect as if they were set for fully herein.

71. The document with the ersatz case caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above gives the false implication that it is a communication from an attorney in violation of 15 U.S.C. § 1962e(3), (10) and the general provisions of 15 U.S.C. § 1962e and 1962f.

72. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Fifth Cause of Action
### (FDCPA Violation – False Representation of the Legal Status of a Debt)

73. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 72 with the same force and effect as if they were set for fully herein.

74. The document with the ersatz case caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above gave the false impression that a lawsuit had been filed in violation of 15 U.S.C. § 1962e(2)(A), (10), and the general provisions of 15 U.S.C. § 1962e and 1962f.

75. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Sixth and Seventh Causes of Action
### (FDCPA Violations – Use of False Representation or Deceptive Means to Collect or Attempt to Collect a Debt and Use of the Same to Obtain Information Concerning a Consumer)

76. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 75 with the same force and effect as if they were set for fully herein.

77. Peter T. Roach and Associates, P.C. offered to enter into the settlement agreement, as described in paragraphs 15 through 30 above with the bad faith intent not to honor it, as described in paragraph 49 above.

78. Peter T. Roach and Associates, P.C. pursuaded Lorri I. Zahler to give them information regarding her checking account at Chase Bank so that they could collect the settlement payments via electronic withdrawal, as described in paragraph 21 above.

79. But for her good faith belief in Peter T. Roach and Associates, P.C.'s intent to honor the settlement agreement, Lorri I. Zahler never would have given them this information.

80. Upon information and belief, Peter T. Roach and Associates, P.C. has every intention of using this information in future efforts to collect this alleged debt (for example, to attempt to "freeze" Lorri I. Zahler's checking account once the Confession of Judgment is entered).

81. The above constitutes the use of false or deceptive means to obtain information concerning a consumer in violation of 15 U.S.C. § 1962e(10) and the general provisions of 15 U.S.C. § 1962e and 1962f.

82. The above also constitutes the use of false or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1962e(10) and the general provisions of 15 U.S.C. § 1962e and 1962f.

83. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Eighth Cause of Action
### (FDCPA Violation – Attempted Collection of an Amount Not Expressly Authorized by the Agreement Creating the Debt nor Permitted by Law)

84. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 83 with the same force and effect as if they were set for fully herein.

85. Peter T. Roach and Associates, P.C.'s unauthorized third, fourth, and fifth attempted withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, respectively, constituted attempts to collect an amount not expressly authorized by the agreement creating the debt, nor permitted by law, in violation of 15 U.S.C. § 1962f(1) and the

general provision of 15 U.S.C. § 1962f.

86. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Ninth Cause of Action
### (FDCPA Violation – Taking Nonjudicial Action to Effect Dispossession of Property When There Is No Present Right to Possession of the Property)

87. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 86 with the same force and effect as if they were set for fully herein.

88. Peter T. Roach and Associates, P.C.'s unauthorized third, fourth, and fifth attempted withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, respectively, constituted taking nonjudicial action to effect dispossession of property (to wit, the contents of her checking account) when there was no present right to possession of that property in violation of 15 U.S.C. § 1962f(6)(A) and the general provision of 15 U.S.C. § 1962f.

89. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Tenth Cause of Action
### (FDCPA Violation – Taking Nonjudicial Action to Effect Dispossession of Property When the Property is Exempt by Law from Such Dispossession)

90. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 89 with the same force and effect as if they were set for fully herein.

91. New York law protects a person's "last dime," even as against judgment creditors, by forbidding the restraint of a natural person's bank account up to the first $1740 (or $2500 if that account receives direct deposits from certain sources). (*See* N.Y. C.P.L.R. § 5222(h) and (i).)

92. Even if Defendants had been judgment creditors (which they were not), the contents of Lorri I. Zahler's checking account would have been exempt from dispossession because the balance at

the time of Peter T. Roach and Associates, P.C.'s third, fourth, and fifth attempted electronic withdrawals was 1¢, which is rather less that $1740.

93. Peter T. Roach and Associates, P.C.'s unauthorized third, fourth, and fifth attempted withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, respectively, constituted taking nonjudicial action to effect dispossession of property (to wit, the contents of her checking account) when that property was exempt by law from such dispossession in violation of 15 U.S.C. § 1962f(6)(C) and the general provision of 15 U.S.C. § 1962f.

94. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Eleventh Cause of Action
### (FDCPA Violation – False Representation of the Amount of a Debt)

95. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 94 with the same force and effect as if they were set for fully herein.

96. Peter T. Roach and Associates, P.C.'s unauthorized third, fourth, and fifth attempted withdrawals from Lorri I. Zahler's checking account, described in paragraphs paragraphs 34 through 48 above, respectively, constituted implicit representations that she owed the amount sought to be withdrawn, when in fact she did not, in violation of 15 U.S.C. § 1962e(2)(A) and the general provisions of 15 U.S.C. § 1962e and 1962f.

97. As a result of the above acts, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Twelfth Cause of Action
### (FDCPA Violation – Unfairly or Unconscionably
### Causing Charges to Be Made to Any Person)

98. Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 97 with the same force and effect as if they were set for fully herein.

99. Peter T. Roach and Associates, P.C.'s third, fourth, and fifth attempted withdrawals Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, respectively, where not authorized.

100.     Peter T. Roach and Associates, P.C.'s unauthorized third, fourth, and fifth attempted withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, respectively, where wholly gratuitous and unnecessary for the collection of the alleged debt because the payment then due under the settlement agreement had already been successfully withdrawn.

101.     When it engaged in the unauthorized third attempted withdrawal from Lorri I. Zahler's checking account, described in paragraphs 34 through 36 above, Peter T. Roach and Associates, P.C. knew or should have know that the natural and probable consequence of its act would be either the outright theft of money from the account or a NSF fee being charged, and acted with reckless indifference to either outcome.

102.     The unauthorized third attempted withdrawal from Lorri I. Zahler's checking account, described in paragraphs 34 through 36 above, did in fact result in a NSF fee being charged.

103.     When it engaged in the unauthorized fourth attempted withdrawal from Lorri I. Zahler's checking account, described in paragraph 37 through 39 above, Peter T. Roach and Associates, P.C. knew or should have know that the natural and probable consequence of its act would be either the outright theft of money from the account or a NSF fee being charged – and, moreover, that a NSF fee was the most likely outcome based on what happened with the unauthorized third attempted withdrawal – and acted with reckless indifference to either outcome.

104.     The unauthorized fourth attempted withdrawal from Lorri I. Zahler's checking account, described in paragraphs 37 through 39 above, did in fact result in a NSF fee being charged.

105.     The above constituted a means of collecting or attempting to collect a debt that was both unfair and unconscionable in violation of the general provision of 15 U.S.C. § 1962f.

106.    As a result of the above acts,  Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Thirteenth Cause of Action
### (FDCPA Violation – Use of Unfair or Unconscionable Means to Collect or Attempt to Collect a Debt)

107.    Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1

through 106 with the same force and effect as if they were set for fully herein.

108.    Peter T. Roach and Associates, P.C.'s pattern of unauthorized withdrawals from Lorri I.

Zahler's checking account, described in paragraphs 34 through 48 above, forcing her to default

on the settlement agreement (and thereby procuring for Citibank, N.A. a judgment against her

for the full amount of the alleged debt, while bypassing the courts, and depriving her of  the

opportunity to present a defense, and depriving her of the benefits of the settlement agreement)

constituted a means of collecting or attempting to collect a debt that was both unfair and

unconscionable in violation of the general provision of 15 U.S.C. § 1962f.

109.    As a result of the above acts,  Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Fourteenth Cause of Action
### (FDCPA Violation – Use of a False, Deceptive, or Misleading Representation or Means in Connection with the Collection of a Debt)

110.    Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1

through 109 with the same force and effect as if they were set for fully herein.

111.    By proposing the settlement agreement to Lorri I. Zahler in bad faith with the

premeditated intent to engage in the of unauthorized withdrawals from her checking account

described in paragraphs 48 through 50 above, Peter T. Roach and Associates, P.C. misled and

deceived her in connection with the collection of a debt in violation of the general provision of

15 U.S.C. § 1962e.

112.        As a result of the above acts,  Lorri I. Zahler was harmed financially, emotionally, and

reputationally as described in paragraphs 55 through 60.

## Fifteenth through Twenty-First Causes of Action
### (Deceptive Acts and Practices – New York General Business Law § 349)

113.        Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1

through 112 with the same force and effect as if they were set for fully herein.

114.        Defendants' conduct towards  Lorri I. Zahler involved the collection of a consumer debt

in a transaction that was a run-of-the-mill, typical consumer interaction for both Defendants. In

short, Defendants' conduct was consumer-oriented.

115.        The statements of the representative of Peter T. Roach and Associates, P.C., "Angelo,"

described in paragraph 18 above and the implications of the document with the ersatz case

caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above both

deceived Lorri I. Zahler that a lawsuit against her had been filed or was about to be filed when

that was not the case.

116.        The statements of the representative of Peter T. Roach and Associates, P.C., "Angelo,"

described in paragraph 18 above and the implications of the document with the ersatz case

caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above both

further deceived Lorri I. Zahler that a lawsuit against her had been filed or was about to be filed

when, in fact, Defendants had no then-present intent to file such a lawsuit.

117.        The document with the ersatz case caption and title ("Stipulation of Settlement")

described in paragraphs 22 through 27 above simulated a document authorized, issued, or

approved by the Civil Court of the City of New York, County of Queens, thereby further

deceiving Lorri I. Zahler that a lawsuit against her had been filed or was about to be filed when

that was not the case.

118.        The document with the ersatz case caption and title ("Stipulation of Settlement")

described in paragraphs 22 through 27 above gave the false impression that it was legal process, thereby further deceiving Lorri I. Zahler that a lawsuit against her had been filed or was about to be filed when that was not the case.

119.     The document with the ersatz case caption and title ("Stipulation of Settlement") described in paragraphs 22 through 27 above gave the false impression that it was a communication from an attorney, thereby further deceiving Lorri I. Zahler that a lawsuit against her had been filed or was about to be filed when that was not the case.

120.     Peter T. Roach and Associates, P.C. proposed the settlement agreement to Lorri I. Zahler in bad faith, thereby deceiving Lorri I. Zahler that they intended to honor the agreement, when, in fact, they harbored premeditated intent to engage in the of unauthorized withdrawals from her checking account described in paragraphs 34 through 48 above, which would force her to default on the settlement agreement (and thereby procure for Citibank, N.A. a judgment against her for the full amount of the alleged debt, while bypassing the courts, and depriving her of the opportunity to present a defense, and depriving her of the benefits of the settlement agreement).

121.     But for these acts of deception, Lorri I. Zahler would not have agreed to the settlement agreement proposed by Peter T. Roach and Associates, P.C., nor given them her checking account information.

122.     As a result of these acts of deception, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Twenty-Second Cause of Action
### (Breach of Contract)

123.     Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 122 with the same force and effect as if they were set for fully herein.

124.     Citibank N.A., through its attorney Peter T. Roach and Associates, P.C., offered to enter into a contract settling the alleged debt.

125.      Lorri I. Zahler accepted this offer.

126.      Neither party was an infant, mentally incompetent, or in any other way lacking capacity

to enter into a valid contract.

127.      The purpose of the contract, to settle an alleged consumer debt, was neither illegal nor

contrary to the public policy of New York.

128.      The terms of the contract called for a mutual exchange of consideration, including, *inter*

*alia*, money paid by Lorri I. Zahler to (Peter T. Roach and Associates, P.C. on behalf of)

Citibank, N.A. and the release of a claim held by Citibank, N.A. against Lorri I. Zahler.

129.      Implicit in this contract, like all contracts, was a covenant of good faith and fair dealing

in the course of contract performance.

130.      Citibank, N.A. violated the covenant of good faith and fair dealing through the expressly

authorized (or, in the alternative, impliedly authorized; or, in the alternative, apparently

authorized) actions of its attorney Peter T. Roach and Associates, P.C., to wit, the pattern of

unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34

through 48 above, forcing her to default on the settlement agreement (and thereby procuring for

Citibank, N.A. a judgment against her for the full amount of the alleged debt, while bypassing

the courts, and depriving her of the opportunity to present a defense, and depriving her of the

benefits of the settlement agreement).

131.      As a result of Citibank, N.A.'s breach, Lorri I. Zahler was harmed financially,

emotionally, and reputationally as described in paragraphs 55 through 60.

## **Twenty-Third Cause of Action**
### **(Punitive Damages Predicated upon Breach of Contract)**

132.      Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1

through 131 with the same force and effect as if they were set for fully herein.

133.      By engaging in the pattern of unauthorized withdrawals from Lorri I. Zahler's checking

account, described in paragraphs 34 through 48 above, Peter T. Roach and Associates, P.C.,

acting on behalf of and with with express authority (or, in the alternative, implied authority; or,

in the alternative, apparent authority) from Citibank, N.A., committed a criminal act, to wit,

Attempted Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30) in that it engaged in

conduct, to wit, the transmission of unauthorized electronic withdrawal orders to Chase Bank,

which tended to effect the wrongful taking from Lorri I. Zahler's checking account at Chase

Bank the sum of $1892.97, with intent to deprive Lorri I. Zahler of the same and to appropriate

the same to itself or to a Citibank, N.A.

134.     Additionally, but for the fact that it failed to obtain the money it sought, by engaging in

the pattern of unauthorized withdrawals from Lorri I. Zahler's checking account, described in

paragraphs 34 through 48 above, Peter T. Roach and Associates, P.C., acting on behalf of and

with with express authority (or, in the alternative, implied authority; or, in the alternative,

apparent authority) from Citibank, N.A., would have committed the tort of conversion.

135.     Defendants' actions, specifically the pattern of unauthorized withdrawals from Lorri I.

Zahler's checking account, described in paragraphs 34 through 48 above, constituted a virtually

larcenous scheme to trap generally the unwary.

136.     Defendants actions, specifically the pattern of unauthorized withdrawals from Lorri I.

Zahler's checking account, described in paragraphs 34 through 48 above, were morally

reprehensible and demonstrated such wanton dishonesty as to imply a criminal indifference to

the rights of others.

137.     Defendants' actions, specifically the pattern of unauthorized withdrawals from Lorri I.

Zahler's checking account, described in paragraphs 34 through 48 above, were directed at  Lorri

I. Zahler.

138.     Upon information and belief, Defendants' actions, specifically the pattern of

unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34

through 48 above, were not an isolated incident, but rather part of a broader pattern, or "business as usual" for Peter T. Roach and Associates, P.C. directed at the increasingly and depressingly large swath of the general public subject to debt collection by the Defendants.

## Twenty-Fourth and Twenty-Fifth Causes of Action
### (Tortious Interference with Contract and Punitive Damages Predicated Thereon)

139.    Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 138 with the same force and effect as if they were set for fully herein.

140.    Citibank N.A., through its attorney Peter T. Roach and Associates, P.C., offered to enter into a contract settling the alleged debt.

141.    Lorri I. Zahler accepted this offer.

142.    Neither party was an infant, mentally incompetent, or in any other way lacking capacity to enter into a valid contract.

143.    The purpose of the contract, to settle an alleged consumer debt, was neither illegal nor contrary to the public policy of New York.

144.    The terms of the contract called for a mutual exchange of consideration, including, *inter alia*, money paid by Lorri I. Zahler to (Peter T. Roach and Associates, P.C. on behalf of) Citibank, N.A. and the release of a claim held by Citibank, N.A. against Lorri I. Zahler.

145.    Peter T. Roach and Associates, P.C. doubtlessly knew of this contract because it was the law firm that negotiated the contract on behalf of Citibank, N.A. and was in charge of collecting the payments.

146.    Peter T. Roach and Associates, P.C. rendered performance of the contract impossible by engaging in the pattern of unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, which left her no reasonable alternative but to close the account.

147.    As a result of Peter T. Roach and Associates, P.C.'s tortious interference with the

settlement contract, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

148.     By engaging in the pattern of unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above,

A.  Peter T. Roach and Associates, P.C. acted with intentional ill will towards  Lorri I. Zahler; or

B.  In the alternative, Peter T. Roach and Associates, P.C. acted recklessly or wantonly, and without regard to the rights of Lorri I. Zahler.

## Twenty-Sixth Cause of Action
### (Fraud)

149.     Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 148 with the same force and effect as if they were set for fully herein.

150.     During the telephone call of late November 2011 between Lorri I. Zahler and the representative of Peter T. Roach and Associates, P.C., "Angelo," described in paragraphs 15 through 30 above, the representative, acting with express authority (or, in the alternative, implied authority; or, in the alternative, apparent authority) from Citibank, N.A., represented that Citibank, N.A. had present intent to enter into a settlement agreement on the terms discussed. Implicit in this was a representation that Defendants had no then-present intent or plans to sabotage Lorri I. Zahler's ability to perform under the  settlement agreement.

151.     These representations were false. Upon information and belief, Peter T. Roach and Associates, P.C. had present intent to engage in the pattern of unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34 through 48 above, forcing her to default on the settlement agreement, and thereby procuring for Citibank, N.A. a judgment against her for the full amount of the alleged debt, while bypassing the courts, and depriving her of  the opportunity to present a defense, and depriving her of the benefits of the settlement agreement.

152.    Lorri I. Zahler believed these representations in good faith.

153.    These representations had the natural tendency to induce, and did in fact induce, Lorri I. Zahler to agree to the proposed settlement offer. But for these representations, she would not have entered into the agreement.

154.    Upon information and belief, Peter T. Roach and Associates, P.C. made these representations with the intent to induce Lorri I. Zahler to enter into the agreement.

155.    As a result of this fraud, Lorri I. Zahler was harmed financially, emotionally, and reputationally as described in paragraphs 55 through 60.

## Twenty-Seventh Cause of Action
### (Unjust Enrichment)

156.    Plaintiff Lorri I. Zahler repeats and realleges every allegation set forth in paragraphs 1 through 155 with the same force and effect as if they were set for fully herein.

157.    Unless this Court takes action to prevent it, Citibank, N.A. stands to eventually collect on the Confession of Judgment.

158.    Citibank, N.A. stands to be enriched by at least $2152.64, the difference between the amount of the settlement agreement and the amount in the Confession of Judgment, plus a significant amount of interest in all likelihood.

159.    Additionally, Citibank, N.A. stands to be enriched by the value of obtaining the judgment while completely bypassing the courts, including costs avoided, such as litigation costs, and the possibility that Lorri I. Zahler could have mounted a successful defense to their claim or to the amount owed.

160.    Citibank, N.A. would be thus enriched at Lorri I. Zahler's expense.

161.    Under the circumstances of this case (specifically the unfair, deceptive, and fraudulent practices surrounding the settlement agreement, described in paragraphs 15 through 30 and the unconscionable and unfair practice of rendering performance impossible through the pattern of

unauthorized withdrawals from Lorri I. Zahler's checking account, described in paragraphs 34

through 54 above) equity and good conscience cannot suffer Citibank, N.A. to be thus enriched

at Lorri I. Zahler's expense.

## **<u>Prayer for Relief</u>**

Wherefore Plaintiff Lorri I. Zahler respectfully requests that this Court enter an Order:

1. Awarding compensatory damages in the amount of $15,000, or a not-lesser amount to be determined at trial;

2. Awarding statutory "additional damages" of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Awarding punitive damages in the amount of $30,000, or a not-lesser amount to be determined at trial;

4. Awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. General Business Law § 349(h);

5. Awarding pre- and post-judgment interest;

6. Declaring the Confession of Judgment to be null and void and, if it has not yet been entered, enjoining Defendants from entering it;

7. Either

    A. Declaring the settlement agreement and Stipulation of Settlement to be null and void,

    or, the alternative

    B. Ordering Defendants' specific performance of the settlement agreement and Stipulation of Settlement with the following modifications: The due dates of the remaining two payments shall be 45 days and 75 days after the date of the Order, respectively; and the remaining two payments shall be payable by personal check mailed to Peter T. Roach and Associates, P.C. at 125 Michael Drive, Suite 105, Syosset, New York 11791; and

8. For such other and further relied as the Court may deem proper.

Dated: 11/18/2011
New York, New York

Respectfully submitted,

Christopher Bussard                    cb1013
Muennich & Bussard, LLP
Attorney for Plaintiff
252 West 38th Street, Suite 501
New York, NY 10018
Telephone: (347) 855-3328
Fax: (646) 490-2247
bussard@mubulaw.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Lorri I. Zahler, declare the following:

I am the named Plaintiff in the above-captioned case. I have read the foregoing Verified Complaint and state under penalty of perjury that the factual statements therein are true and correct to the best of my knowledge.

Dated:  *11- 18-11*

Signed:

_____
Lorri I. Zahler, Plaintiff